DAY *et al. vs.* LYON.

1823.
JUNE.

Day
vs.
Lyon

In an action on a promissory note against the endorsor, the plaintiff cannot recover without proving that the payer made the note payable to the payee, that it was endorsed to the plaintiff, that a demand of payment was made of the payer on the day on which the note became due, and that due notice of the nonpayment was given to the endorsor.

An endorsee cannot maintain an action on a promissory note payable to order, unless the endorsement is filled up at the time the note is offered in evidence.

APPEAL from *Baltimore* county court. *Assumpsit* by the plaintiffs, (now appellants,) on a promissory note, drawn by *Latimer* and *Lyon* in favour of the defendant, and by him endorsed in blank. Evidence was given as to the manner in which notice of nonpayment was given to the defendant; but as the decision of this court relates only to the blank endorsement, such evidence is omitted. On the defendant's prayer, which was a general one, the county court, [*Hanson*, A. J.) directed the jury, that the plaintiffs were not entitled to recover. The plaintiffs excepted and appealed, the verdict and judgment being against them. The cause was submitted without argument. BUCHANAN, EARLE, MARTIN, and DORSEY, J. on the bench.

*Wirt*, (Attorney General of the *U. S.*) for the Appellants.

*Heath*, for the Appellee.

The opinion of the court was delivered by

DORSEY, J. We concur in the opinion given by the court below. The plaintiffs sued as endorsees of a promissory note given by *Latimer* and *Lyon* to the defendant, and by him endorsed. The plaintiffs could not have sustained their suit, without proving that *Latimer* and *Lyon* made a note payable to the defendant, that the same was endorsed to the plaintiffs, that a demand of payment was made of the payers on the day on which the note became due, and that due notice of the nonpayment had been given to the defendant. If the proof was defective in any of those particulars, the county court were correct on the general prayer of the defendant, in giving their direction to the jury, that the plaintiffs were not entitled to recover.

The plaintiff did not deduce a regular title to the note; true it is, that the defendant, by endorsing the note in blank, conferred an authority on the plaintiffs to fill up the endorsement, but he omitted to do it, and it was decided by this court, in the case of *Ringgold vs. Tyson*, at December term 1810, and in *Hudson vs. Goodwin*, 5 *Harr. & Johns.* 115, that an endorsee could not maintain an action on a note payable to order, unless the endorsement was filled up at the time it was offered in evidence. As this point is decisive against the plaintiffs, it is unnecessary to

inquire whether the facts stated in the bill of exceptions did, in point of law, amount to due notice of the dishonour of the note.